UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES EDWARD COOPER,

                Petitioner,

v.                                      CASE NO. 05-CV-72339-DT
                                       HONORABLE GEORGE CARAM STEEH

JENNIFER M. GRANHOLM,

                Respondent.

_____/

## ORDER OF DISMISSAL

### I.  Introduction

       Petitioner James Edward Cooper has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is confined at the Center for Forensic Psychiatry in Ann Arbor, Michigan.

       The *pro se* habeas petition alleges that Petitioner's court-appointed attorney in state district court encouraged Petitioner to plead not guilty by reason of insanity.  When Petitioner refused, the attorney allegedly asserted that Petitioner was unable to assist with his defense and was incompetent to stand trial.  It appears that Petitioner subsequently was committed involuntarily to the Center for Forensic Psychiatry.  He alleges that he sought federal intervention and a change of venue without success.

       Petitioner filed the pending habeas corpus petition on June 14, 2005.  The grounds for relief and supporting facts read:

       1.      Denial of effective assistance of counsel; denial of a sufficiently
                 impartial legal forum; change of venue.
                 The 68th judicial district court after having accepted the

prosecuting attorney's motion to dismiss the charges, maliciously
and capriciously denied adequate and meaningful access to the
court and engaged in coercive actions to prevent a trial by jury in a
proper public forum.

2.      Illegal confinement, illegal subjection to drugs that modify
behavior without opportunity to refuse treatment.

On or about July 27, 2004, after I had filed a complaint with the
court in Mobile, the judge of the 68th judicial court sent (7) car
loads of police to my west wood manor address to take me into
custody without having violated bond.

3.      Denial of process, before I received and responded to the request
for change of venue, I was illegally confined.

Before I was scheduled to turn myself into the county jail for
transportation assistance to the Center for Forensic [Psychiatry] on
or about September 23, 2004, I had already been taken into
custody to prevent me from responding to the U.S.D.C.

## II.  Discussion

The Supreme Court has explained that,

[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust
available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the
opportunity to pass upon and correct alleged violations of its prisoners' federal
rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (quoting *Picard
v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)).  To provide the State
with the necessary opportunity, the prisoner must fairly present his claim in each
appropriate state court (including a state supreme court with powers of
discretionary review), thereby alerting that court to the federal nature of the claim.
*Duncan, supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted).  This means that

state prisoners in Michigan must present their claims to the Michigan Court of Appeals and to

the Michigan Supreme Court before raising their claims in a federal habeas corpus petition.

*Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973).

Petitioner alleges that he unsuccessfully sought federal intervention from the United

2

States District Court for the Southern District of Alabama and from the United States Court of Appeals for the Eleventh Circuit. He has failed to show that he exhausted any remedies available to him in the state courts of Michigan. Although he claims that he has been denied access to the courts, he has not explained in detail the efforts that he made to present his federal claims in state court or the results of any state court proceedings.

To conclude, Petitioner has not exhausted any state remedies, nor shown an absence of available state remedies or circumstances that render such process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1). Accordingly, the habeas corpus petition [Doc. #1, June 14, 2005] is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

s/George Caram Steeh\
GEORGE CARAM STEEH\
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 12, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee\
Secretary/Deputy Clerk
